IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>    Plaintiff,<br><br> vs.<br><br>STATE OF NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, and LINCOLN REGIONAL CENTER,<br><br>    Defendants. | **8:22CV136**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on its own motion. On today's date, the court granted Plaintiff leave to proceed in forma pauperis ("IFP") as a "non-prisoner." (Filing 7.) The court now vacates its order granting Plaintiff's IFP motion (Filing 5) pursuant to Fed. R. Civ. P. 60(a)[1] because the court erroneously characterized Plaintiff as a "non-prisoner." In reality, Plaintiff is a "prisoner" within the meaning of the Prison Litigation Reform Act as demonstrated by a separate habeas case filed by Plaintiff. (*See* Filing 1, Case No. 8:22CV106.)[2]

---

[1] Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a . . . order."

[2] When Plaintiff filed his Complaint, he was confined at the Lincoln Regional Center ("LRC"). The court is aware from Plaintiff's pending habeas petition that he was being held at the LRC for restoration of competency related to a pending criminal case in the Phelps County District Court. (Filing 1, Case No. 8:22CV106.) Examination of Plaintiff's state court records, available to this court online, confirms that Plaintiff was placed at the LRC for restoration of competency as part of his pending criminal proceeding in the Phelps County District Court and is, thus, properly considered a prisoner for PLRA purposes. 28 U.S.C. § 1915(h). The court takes judicial notice of the state court records in *State v. Jess T. Lammers*, Case No. CR20-32, District Court of Phelps County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Upon reconsideration, the court has reviewed a copy of Plaintiff's trust account information, (filing 5 at CM/ECF pp. 4–5,) and will still permit Plaintiff to proceed IFP.

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Plaintiff's account balance is $0.00, and the court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. The court's April 26, 2022 Order (Filing 7) is vacated.

2. Plaintiff's Motion for Leave to Proceed IFP (Filing 5), is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3. The clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

4. The next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 26th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge